**ADAIR v. BENN, U. S. Marshal.**

Circuit Court of Appeals, Ninth Circuit.
June 18, 1928.

No. 5415.

Criminal law ⊜═263—Complaint filed before United States commissioner against offender against United States in other district held sufficient, and warrant of arrest and commitment conformable to law (18 USCA § 591).

In view of Rev. St. § 1014 (18 USCA § 591), as to arrest and imprisonment for trial of an offender against the United States, *held*, that complaint filed by immigration inspector before United States commissioner of Western district of Washington, charging commission of offense against immigration law in Southern district of California, that the offender was indicted therefor in the court for such district and warrant for his arrest there issued, and that he is now a fugitive from justice in the Washington district, was sufficient in form and substance, and the warrant of arrest and commitment issued by the commissioners were in conformity to law.

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Habeas corpus by Virgil Adair against E. B. Benn, United States Marshal for the Western District of Washington. From an order denying the writ, petitioner appeals. Affirmed.

Charles H. Miller, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and John T. McCutcheon, Asst. U. S. Atty., of Tacoma, Wash.; for appellee.

Before GILBERT, RUDKIN, DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. December 15, 1927, an immigrant inspector made complaint before a United States commissioner in the Western district of Washington, charging that on March 4, 1927, near Murietta Hot Springs, Cal., in the Southern district of that state, and within the jurisdiction of the United States District Court for the Southern District of California, one Virgil Adair, then and there being, did knowingly, willfully, unlawfully, and feloniously bring into the United States in the said division and district, by airplane, four Chinese alien persons, not duly admitted by an immigrant inspector, and not lawfully entitled to enter or reside within the United States, in violation of the provisions of section 8 of the Immigration Act of February 5, 1917 (8 USCA § 144); that subsequent to March 4, 1927, an indictment charging the said Virgil

Adair with the commission of said offense was duly and regularly returned in the District Court of the United States for the Southern District of California; that upon the filing of said indictment a warrant for the arrest of said Virgil Adair was issued and that said Adair is now a fugitive from justice, within the Southern division of the Western district of Washington.

Upon this complaint, a warrant of arrest was duly issued, and on the same day the warrant was duly executed by the United States marshal. On the following day, December 16, 1927, Adair was brought before the United States commissioner, and upon arraignment pleaded not guilty, admitted his identity, and waived a hearing. He was thereupon committed to the county jail of Pierce county, Washington, pending trial or discharge by due process of law, in default of bail in the sum of $4,000. A commitment immediately issued, commanding the United States marshal to commit Adair to the custody of the keeper of the Pierce county jail, and commanding the keeper of the jail to receive him as a prisoner of the United States into his custody, and there safely keep him until discharged by due course of law. Three days later, on December 19, 1927, Adair filed a petition for writ of habeas corpus, alleging that on December 15 he was arrested under and by direction of the United States marshal for the Western district of Washington; that he was then confined in the Pierce county jail, at Tacoma, Wash., and that he was unlawfully deprived of his liberty by reason of the fact that the officers had no warrant of arrest for him, nor was he held by virtue of any warrant of arrest issued out of any court.

Section 1014 of the Revised Statutes provides: For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or any commissioner of a Circuit Court to take bail, or by certain state judges and magistrates of any state where he may be found, and agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense; that copies of the process shall be returned as speedily as may be into the clerk's office of such court, together with the recognizance of the witnesses for their appearance to testify in the case; and that where any offender or witness is committed in any district other than that where the offense is to be tried,

it shall be the duty of the judge of the district where such offender or witness is imprisoned, seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had. 18 USCA § 591.

It will be seen from the foregoing that the complaint filed before the United States commissioner was sufficient in both form and substance, and that the warrant of arrest and commitment were in conformity to law. The claim advanced by the petitioner that he was unlawfully imprisoned at the time the writ of habeas corpus was applied for was therefore utterly unfounded in fact and in law.

The order of the court below is affirmed.